**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 31 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50218 |
| Plaintiff-Appellee, | D.C. Nos. 2:19-cr-00714-PA-1 |
| v. | 2:19-cr-00714-PA |
| RAYMOND GHALOUSTIAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted May 11, 2023
Pasadena, California

Before: HURWITZ and R. NELSON, Circuit Judges, and KANE,[**] District Judge.

Based on two traffic stops that occurred three months apart, a jury found Raymond Ghaloustian guilty of possession of methamphetamine with intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(viii), carrying a firearm during and in relation to a drug trafficking crime and possessing a firearm in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i), and being a prohibited possessor of a firearm, 18 U.S.C. § 922(g)(1), (9). He challenges the admission of statements he made during the traffic stops and several other evidentiary rulings by the district court. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. On appeal, Ghaloustian does not dispute the legality of the traffic stops or the seizure of approximately 27.8 grams of methamphetamine and a firearm (during the August 2019 stop) and a firearm, scale, and approximately 62.5 grams of methamphetamine (during the October 2019 stop). Rather, he claims that certain statements he made during the stops were admitted into evidence in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). We need not today decide the *Miranda* issues, however, because we are "satisfied beyond a reasonable doubt that the jury's verdict would have been exactly the same had the disputed statement[s] been excluded." *United States v. Padilla*, 387 F.3d 1087, 1094 (9th Cir. 2004).

a. The admission of Ghaloustian's statement, "[t]here are a few people who smoke" the seized methamphetamine, to the police officer who conducted the August 2019 search was harmless given Ghaloustian's October 2019 post-*Miranda* statement that the seized methamphetamine was intended for use by "four people." The two statements are virtually identical and were made under similar circumstances. Given the amount of methamphetamine seized in August 2019, we

conclude that exclusion of the August 2019 statement would not have impacted the jury's verdict on the charges arising out of that stop.

b. The admission of Ghaloustian's August 2019 statements that he "found" the seized firearm and then "forgot" he had it was also harmless. Regardless of these statements, the record overwhelmingly established that Ghaloustian was a prohibited possessor. And to the extent that these statements may have negatively impacted Ghaloustian's credibility on other topics, their admission was also harmless. Ghaloustian freely admitted that he lied to the police and that he was a "fraud guy."

c. Even if Ghaloustian's October 2019 statement, "[i]t's my purse. No . . . that's my wife's," was elicited in violation of *Miranda*, the government would have been entitled to introduce it to impeach Ghaloustian's trial testimony that the purse belonged to a "lady friend." *See United States v. Rosales-Aguilar*, 818 F.3d 965, 969–70 (9th Cir. 2016).[1]

2. Ghaloustian further contends that the district court should have excised prejudicial and irrelevant portions of records of prior convictions offered to establish that he was a prohibited possessor. Below, however, he simply objected to the introduction of the records themselves, asserting lack of relevance. We therefore

---

[1] Ghaloustian also argues that the alleged *Miranda* errors compelled him to testify. *See Harrison v. United States*, 392 U.S. 219, 223–25 (1968). We decline to consider this issue because it was raised for the first time in a reply brief. *See Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003).

3

review his arguments regarding prejudice for plain error, *see United States v. Rusnak*, 981 F.3d 697, 707 (9th Cir. 2020), find none, and reject his relevance-related arguments. The government may introduce records of prior convictions unless the defendant offers to stipulate to being a prohibited possessor. *See Old Chief v. United States*, 519 U.S. 172, 174 (1997). Ghaloustian did not so offer. Moreover, the district court instructed the jury that the records of prior convictions could be considered only to establish that Ghaloustian was a prohibited possessor, and none of the convictions involved conduct similar to the subject of the current charges.

3. Ghaloustian cannot on appeal contend that the district court erred in excluding two recordings in which third parties allegedly threatened an unidentified individual whom Ghaloustian claims was him. At a pretrial hearing, the district court found the recordings inadmissible "at this stage" but said that it would "take another listen" later. "A ruling on a motion *in limine* is not a final order," the district court never ruled "definitively on the record," and Ghaloustian did not seek to admit the recordings during trial. *See United States v. Whittemore*, 776 F.3d 1074, 1082 (9th Cir. 2015) (quoting Fed. R. Evid. 103(b)).

4. The district court did not abuse its discretion in excluding testimony regarding the absence of text messages related to drug dealing on seized phones and Ghaloustian's alleged lack of prior arrests for drug sales. Ghaloustian did not establish that the text messages were a routine part of drug distribution, *see* Fed. R.

4

Evid. 803(7)(B), and the testifying officer stated that the arrest records did not necessarily indicate the crime for which one was arrested, *see* Fed. R. Evid. 803(10).

**AFFIRMED**.